UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-04633 JAK (RAOx) | Date | October 6, 2015 |
| Title | Salwa Aboujaoude v. Adidas AG, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT (DKT. 16)   JS-6: Remand**

**I.   Introduction**

On December 11, 2014, Salwa Aboujaoude ("Plaintiff"), filed this products liability action in the Los Angeles Superior Court, and named the following defendants: Adidas AG, Adidas Group, Adidas America, Inc. ("Defendant") (collectively "Adidas Defendants"), Marshall's Department Stores of California, Inc. ("Marshall's"), and DOES 1 through 50.[1] Compl., Dkt. 1-1, Exh. A. Plaintiff alleges that she purchased at Marshall's a pair of defective workout pants (the "Pants") designed, manufactured and distributed by the Adidas Defendants. *Id.* ¶¶ 3-4, 9. Plaintiff contends that, as a result of the defect, a piece of metal that had been inserted in the bottom of the Pants dropped under Plaintiff's foot, rolled on a marble floor, and caused Plaintiff to slip and fall and sustain serious bodily injuries. *Id.* ¶¶ 10-12.

On June 18, 2015, Defendant removed the action pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Dkt. 1. Plaintiff moved to remand the action ("Motion") on July 10, 2015. Dkt. 16. Defendant opposed the Motion on July 17, 2015. Dkt. 26. The matter was taken under submission pursuant to Local Rule 7-15. Dkt. 29. For the reasons stated in this Order, the Motion is **GRANTED.**

---

[1] Defendant's Notice of Removal states the following with respect to the other named Defendants: 1) Adidas AG has not been served in this action; 2) Adidas Group is not an entity; and 3) Marshall's Department Stores of California, Inc. is not an entity. Dkt. 1 ¶¶ 13-17. Plaintiff has acknowledged that the Complaint named an incorrect Marshall's entity, and that this will be corrected in an amended complaint by naming Marshalls of CA, LLC. Dkt. 16 at 5 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-04633 JAK (RAOx) | Date | October 6, 2015 |
| Title | Salwa Aboujaoude v. Adidas AG, et al. | | |

## II. Background

### A. Procedural History

As noted, Plaintiff filed this action on December 11, 2014. Dkt. 1-1, Exh. A. In support of this claim, Plaintiff alleges that in or about February 2014, she purchased the Pants at a Marshall's store that were designed and manufactured by the Adidas Defendants. *Id.* ¶¶ 3, 9. Plaintiff contends that the Pants were defective and unsafe for their intended use because a piece of metal had been inserted into them. *Id.* ¶ 10. She alleges that the metal could drop from the Pants to a position that would cause the person wearing them to step on the metal and then slip and fall. *Id.* Plaintiff alleges that, on or about November 19, 2014, she was wearing the Pants when the metal object fell, causing her to slip and fall, sustain serious bodily injuries and damage personal property. *Id.* ¶¶ 11-12, 16.

On February 13, 2015, Defendant propounded certain interrogatories. Dkt. 16 at 7. On May 4, 2015, Plaintiff served answers to them ("Interrogatory Answers"). *Id.* On May 11, 2015, Defendant served a Request for Statement of Damages. Dkt. 1-1, Exh. F. On June 1, 2015, Plaintiff responded with a Statement of Damages claiming $1 million in general damages, $515,750 in special damages, and $1 million in punitive damages. Dkt. 1-1, Exh. G.[2]

On June 18, 2015, Defendant filed a Notice of Removal on the basis of diversity jurisdiction. Dkt. 1. Defendant asserts that it is a citizen of Oregon, Plaintiff is a citizen of California, Adidas AG is a citizen of Germany and Adidas Group and Marshall's do not exist as corporate entities. Dkt. 1, ¶¶ 13-17, 19-20. On July 10, 2015, Plaintiff filed a Motion to Remand, and requested an award of $3,357.50 in attorneys' fees and costs to compensate her for the cost of responding to what she deems an untimely removal. Dkt. 16. Thus, she argues that, the Complaint, which was filed on December 11, 2014, and the Interrogatory Answers, which were served on May 4, 2015, each contain sufficient facts to support removal, but Defendant did not do so within 30 days of either of these events as required by the controlling statute. Dkt. 16. Defendant responds that removal was timely because it was effected within 30 days of its receipt of Plaintiff's Statement of Damages. Dkt. 26. Defendant argues that it was not until that filing that it was aware that the amount in controversy in this action was more than $75,000 -- a requirement for the applicable federal jurisdiction. *Id.*

### B. The Damages Allegations in the Complaint

Plaintiff contends that the Complaint contains sufficient allegations to show that more than $75,000 was in controversy. Dkt. 16. However, the Complaint does not allege either that a specific amount is in controversy or that a specific amount of monetary damages is sought. The Complaint presents allegations as to expenses that resulted from Plaintiff's injury; it states that the amounts are "not yet [ ] fully ascertained" but that Plaintiff will "seek leave to amend this complaint to insert the true amount [of expenses] when ascertained." Dkt. 1-1, Exh. A, ¶¶ 13, 14. The Complaint also alleges that the damage

---

[2] Plaintiff's Complaint includes a prayer for punitive damages; Defendant moved to strike it on February 23, 2015. Dkt. 1, ¶ 7. On April 7, 2015, the parties entered a stipulation to strike Plaintiff's punitive damages claim from her Complaint in order to achieve judicial economy, while reserving to Plaintiff the right to seek to reinstate the claim later in the litigation. *Id.* ¶ 8; Dkt. 16 at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04633 JAK (RAOx) | Date | October 6, 2015 |
|---|---|---|---|
| Title | Salwa Aboujaoude v. Adidas AG, et al. | | |

suffered "exceeds the minimum limits of the Unlimited jurisdiction of the Los Angeles Superior Court." *Id.* ¶¶ 12, 13, 14, 15, 16. Such a claim is one where more than $25,000 is at issue. Cal. Civ. Proc. Code §§ 85-89 (defining limited civil actions).

With respect to the types of injuries and damages suffered, the Complaint alleges: "Plaintiff sustained serious and permanent injuries to her health, strength, and activity, severe shock to her nervous system and broken bones which caused her to suffer extreme physical and mental pain and emotional distress . . ." (*id.* ¶ 12); "Plaintiff was required to and did employ physicians, surgeons, and other medical personnel and incurred expenses therefor, and incurred additional medical expense for hospital bills and other incidental medical expenses . . ." (*id.* ¶ 13); "Plaintiff will be required to incur additional medical expenses . . ." (*id.*); "Plaintiff was prevented from attending to her usual profession as the Administrator of a law office from the date of the injury and continuing to present, and thereby lost earnings . . ." (*id.* ¶ 14); "[Plaintiff] will thereby be further prevented from attending to her usual profession in the future and will thereby sustain future loss of earnings . . ." (*id.*); "Plaintiff required 24 hour home care and assistance to carry on her daily necessities . . ." (*id.* ¶ 15); "[Plaintiff] will thereby require further home care in the future . . ." (*id.*); "in the process of slipping and falling Plaintiff caused nearby personal property (collectibles) placed on a display to fall and break and become destroyed . . ." (*id.* ¶ 16); and "[P]laintiff is, therefore, entitled to recover exemplary or punitive damages," (*id.* ¶ 17).

      C.      Plaintiff's Interrogatory Answers with Respect to Damages

Plaintiff's Interrogatory Answers, which were served on May 4, 2015, contain certain information as to the amount of damages claimed. Dkt. 16 at 11-14. However, they do not state a specific amount of the total claimed damages. Instead, they provide some specific information about certain damages. For example, the Interrogatory Answers state that Plaintiff's fall caused damage to certain personal property, including a Waterford 14" Cobalt Fleurology Amy Bouquet valued at $675, a Baccarat limited edition Unicorn by Tauni de Lesseps valued at over $2,500 and the Pants valued at $59. Dkt. 20, Exh. 2 at 11-12. Plaintiff states that, following her injury, she required 24-hour care for at least four weeks, and that this care was provided by her daughter, her son and her husband. *Id.* at 13. The Interrogatory Answers then state that the prevailing rate for such medical care is "between $15-$20/hour" and Plaintiff is "seeking recovery for home care at their [sic] current market prevailing rates to compensate the individuals who cared for her daily for their time for a period of no less than one month." *Id.* at 13-14. The Interrogatory Answers also state that Plaintiff incurred travel and parking costs for her visits to her doctor and physical therapist, and that parking at the doctor's office is "$10/visit, other than one visit where she was charged $12 for parking," and parking at the physical therapist's office varies "between $8.5[0] and $12, depending on the duration of the therapy." *Id.* at 14. The Interrogatory Answers do not state the number of visits that Plaintiff made to each of these offices. The Interrogatory Answers state that the "IRS new standard mileage rates for the year 2014 was 23.5 cents per mile driven for medical purposes, which was decreased to 23 cents per mile for the year 2015." *Id.* The Interrogatory Answers do not include any statement as to the amount of miles claimed by Plaintiff.

With respect to lost income, the Interrogatory Answers state that Plaintiff earns approximately $10,000 a month and that she has missed at least 32 days of work as a result of the accident. *Id.* at 12-13. They also state that Plaintiff "bills for her time at hourly rates ranging from $165 to $295," that she "ordinarily works no less than 12 hours/day," and that, "[f]or purposes of this litigation, her billable time will be considered at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04633 JAK (RAOx) | Date | October 6, 2015 |
|---|---|---|---|
| Title | Salwa Aboujaoude v. Adidas AG, et al. | | |

the rate of 8 hours/day . . . . at the hourly rate of $200." Dkt. 20, Exh. 3 at 23.

With respect to medical damages, the Interrogatory Answers state that Plaintiff was "operated on and examined on several occasions by her ortho [sic] surgeon" and "has also received physical therapy at the Santa Monica Hand Therapy multiple times." *Id.* Further, she "continues to receive physical therapy for her arm/wrist/hand" and she "may need to undergo another surgery to remove the hardware that was placed in her arm/wrist," but she "has not received an estimate as of yet for her future medical damages." *Id.* at 24. The Interrogatory Answers add that Plaintiff "has a $30 co-pay for each hand therapy she receives." *Id.* at 27. They do not provide specific amounts as to the surgery, medical or physical therapy appointments.

**III.     Analysis**

      **A.     Legal Standard**

            **1.     General Standards**

In general, an action pending in a state court may be removed only if there would have been federal jurisdiction had the action been brought originally in a federal court. 28 U.S.C. § 1441(a). A matter may be removed based on diversity jurisdiction where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. §§ 1332, 1441(b). Because federal courts have limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Given the presumption against removal, the defendant has the burden of establishing that removal is proper. *Id.*

            **2.     Timeliness of Removal**

A notice of removal of a civil action shall be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692, 694 (9th Cir. 2005) ("[T]he first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage."). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy . . . in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

Section 1446(b)(3) "does not define 'removable.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). However, courts determine removability "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. To "avoid saddling defendants with the burden of investigating jurisdictional facts . . . the ground for removal must be revealed affirmatively in the initial pleading in order for the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04633 JAK (RAOx) | Date | October 6, 2015 |
|---|---|---|---|
| Title | Salwa Aboujaoude v. Adidas AG, et al. | | |

thirty-day clock under § 1446(b) to begin." *Kuxhausen*, 707 F.3d at 1139 (quotations omitted). Under this standard, "defendants need not make extrapolations or engage in guesswork," but must "apply a reasonable amount of intelligence in ascertaining removability," including "[m]ultiplying figures clearly stated in a complaint." *Id.* at 1140. If a notice of removal was not timely, a plaintiff may move to remand the action. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).

    B.    Application

The issue presented by the Motion turns on whether either the Complaint or the Interrogatory Answers was sufficient to put Defendant on notice that the amount in controversy exceeds $75,000. If either did so, removal was untimely because each was provided to Defendant more than 30 days prior to the removal.

Plaintiff's Interrogatory Answers, which were served on Defendant on May 4, 2015, do not state a specific dollar amount that is claimed. However, they provide specific dollar figures as to the following: (i) the value of personal property that was allegedly damaged due to Plaintiff's fall; (ii) Plaintiff's rate of pay and the amount of work lost due to the fall; (iii) the cost of home care; (iv) travel and parking costs associated with medical care and therapy; and (v) the costs of Plaintiff's co-pay for hand therapy appointments. Although certain of these figures are inconsistent and others lack specificity, the Interrogatory Answers, when viewed together with the allegations in the Complaint, are sufficient to show that the amount in controversy exceeds $75,000. The information provided in the Interrogatory Answers is summarized in the following chart:

| Claimed Expense: | Calculation: | Amount: |
|---|---|---|
| Loss of Earnings | $200/hour x 8 hours/day x 32 days of missed work | $51,200 |
| Personal Property | $675 + $2,500 + $59 | $3,234 |
| Home Care | $20/hour x 24 hours/day x 30 days | $14,400 |
| Parking | $12 (one doctor visit) + $20 (assuming at least two other doctor visits) + $24 (assuming at least two therapy appointments) | $56 |
| Hand Therapy Co-Pay | $30 + $30 (assuming at least two therapy appointments) | $60 |
| | **TOTAL:** | **$68,950** |

Several additional claimed costs are also referred to in the Complaint and Interrogatory Answers, but without specific dollar amounts. These include: (i) Plaintiff's orthopedic surgery; (ii) Plaintiff's physical therapy; (iii) future medical expenses, including a possible second surgery; (iv) future lost income; and (v) pain and suffering. If all of these expenses totaled at least $6051, the amount in controversy would exceed $75,000. This is sufficient to show that it would require only a "reasonable amount of intelligence" to conclude that this jurisdictional amount had been asserted. For example, it is reasonable to conclude that the orthopedic surgery would cost at least several thousand dollars. But, even if that were not considered, the Interrogatory Answers state the following as to the claim of pain and suffering:

> Extreme mental and emotional distress continue on a daily basis as impacted from the
> physical pain and frustration and feeling of helplessness and hopelessness because of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-04633 JAK (RAOx) | Date | October 6, 2015 |
| Title | Salwa Aboujaoude v. Adidas AG, et al. | | |

> the pain and the limited use of the arm and the effect of the injury on the daily activities of [Plaintiff] and her quality of life, in addition to extreme worry about future disabilities to the arm and the possibility that [Plaintiff] may need future surgeries to correct the injuries to her arm.
> . . . .
> [Plaintiff] is unable to carry on personal and business daily activities, including being unable to write and at times to type. She is unable to cook or clean her own house. She is unable to do small tasks that she enjoyed prior to the incident, such as gardening or playing with the dogs or walking the dogs. She is unable to exercise (among other limitations or restrictions on her daily activities).

Dkt. 20, Exh. 2 at 9-10.

Defendant contends that the Interrogatory Answers provide inconsistent figures, which require Defendant to make "extrapolations" or "guesswork" as to the amount in controversy. For example, the Interrogatory Answers state that the prevailing medical rate for homecare is $15-20 hour, but do not state the precise figure within that range Plaintiff claims. Further, at one point Plaintiff states a monthly income of $10,000, but later claims that she bills her time at hourly rates between $165 to $295 (with an average of $250), at no less than 12 hours a day. *Id.* at 12; Dkt. 20, Exh. 3 at 23. These inconsistencies do not change the outcome; they do not preclude reasonable calculations by Defendant that would show that the jurisdictional amount has been satisfied. Thus, even if the lower hourly figure for homecare costs were applied, when combined with the other claimed amounts, Defendant could reasonably have calculated the $75,000 jurisdictional amount. Similarly, with respect to claimed loss of income, the Interrogatory Answers clearly state that "[f]or purposes of this litigation, [Plaintiff's] billable time will be considered at the rate of 8 hours/day. She will also seek loss of income at the hourly rate of $200." Dkt. 20, Exh. 3 at 23.

Because the Interrogatory Answers provide sufficient information to put Defendant on notice that the amount in controversy had been claimed, the 30-day period provided by 28 U.S.C. § 1446(b) began to run on May 4, 2015, when they were served. Therefore, the deadline for timely removal was June 3, 2015. Consequently, the removal on June 18, 2015 was untimely.

      C.      Request for Attorneys' Fees and Costs

Plaintiff seeks an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). That statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorneys' fees pursuant to § 1447(c) "is within the discretion of the district court, and bad faith need not be demonstrated." *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). "Still, courts in this district have declined to assess fees under § 1447(c) where removal was supported by colorable, if not persuasive, arguments." *Arteaga v. Macy's W. Stores, Inc.*, 2015 WL 847134, at *4 (C.D. Cal. Feb. 26, 2015) (citing *Lukens v. Broder/Kurland Agency*, 2000 WL 35892340, at *7 (C.D. Cal. Sept.14, 2000) and *California v. Steelcase, Inc.*, 792 F. Supp. 84, 87 (C.D. Cal. 1992)). Here, Defendant presented a colorable basis for its claim as to the timeliness of removal. Therefore, the request for an award of attorneys' fees and costs is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-04633 JAK (RAOx) | Date | October 6, 2015 |
| Title | Salwa Aboujaoude v. Adidas AG, et al. | | |

### IV. <u>Conclusion</u>

For the reasons stated in this Order, Plaintiff's Motion to Remand is **GRANTED**, and Plaintiff's request for an award of attorneys' fees and costs is **DENIED**. All dates set in this action are hereby vacated. The case is remanded to the Los Angeles Superior Court, Case No. BC566372.

**IT IS SO ORDERED.**

                                                                                                                                        :

Initials of Preparer    ak